UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DOUGLAS L. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:19-cv-00085-JVB-JPK |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO COMPLAINT

For its Answer to Plaintiff's Complaint, the Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), by counsel, states as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore it should be dismissed with prejudice.

### SECOND DEFENSE

For its answers to the specific allegations set forth in Plaintiff's Complaint, Norfolk Southern states as follows:

1.  This is an action based upon the Federal Employers Liability Act, 45 USC § 51 *et seq.* which provides in relevant part that whenever an employee of a railroad is injured while engaged in the course of his employment, the railroad shall be liable in damages to the injured employee where the injury results in whole or in part from the negligence of any of the officers, agents, or other employees of the railroad or by reason of any defect or insufficiency, due to the railroad's negligence.

**ANSWER:** **Paragraph 1 of the Complaint contains no factual allegations and purports to state rules of law, and therefore no answer is required of Defendant; to the extent**

an answer could be deemed necessary, Defendant admits that Plaintiff has filed his action under the Federal Employers' Liability Act ("FELA"), but Defendant denies that it is liable to Plaintiff under the FELA or any other provision of law.

2. Plaintiff DOUGLAS L. THOMAS, is now, and at all times relevant hereto, a resident of Culver, Indiana.

**ANSWER:** **Defendant is without knowledge or information sufficient to enable it to specifically admit or deny the allegations in ¶ 2 of Plaintiff's Complaint.**

3. At all times relevant hereto, defendant, NORFOLK SOUTHERN, was a corporation licensed to do business as a common carrier by railroad in interstate commerce in Indiana, and plaintiff, DOUGLAS L. THOMAS, was employed by defendant as a signal maintainer in interstate commerce.

**ANSWER:** **Defendant admits that it is and has been a common carrier by railroad engaged in interstate commerce in certain states within the United States, including in the state of Indiana; Defendant further admits that it has employed Plaintiff as a signal maintainer, and that any duties performed by Plaintiff that were within the course and scope of his employment with Norfolk Southern were conducted in furtherance of interstate commerce; otherwise, Defendant denies the truth of the allegations in Count ¶ 3 of Plaintiff's Complaint.**

4. This Court has jurisdiction over defendant, NORFOLK SOUTHERN, and venue is proper in this court pursuant to 45 U.S.C. §§ [sic] 56.

**ANSWER:** **Paragraph 4 of the Complaint contains no factual allegations and therefore no answer is required of Defendant; to the extent an answer could be deemed necessary, Defendant admits that the Court has subject matter jurisdiction over Plaintiff's action, but Defendant denies that venue is proper in the Hammond Division pursuant to 28 U.S.C. § 94(a).**

### "NEGLIGENCE
### FEDERAL EMPLOYERS LIABILITY ACT"

1-4. Plaintiff incorporates and re-alleges paragraphs 1-4 of this Complaint in this Count I as if originally pled herein.

**ANSWER:** **Defendant reasserts its answers to ¶¶ 1-4 and incorporates them by reference as though fully set out herein.**

5. That on or about March 4, 2016, at all times relevant herein, plaintiff, DOUGLAS L. THOMAS, was engaged in the course and scope of his duties as a signal maintainer for defendant, NORFOLK SOUTHERN, when he was tasked with off-loading battery chargers from a semi-trailer truck and moving them into a tool warehouse at or near 502 Broadway Street in Argos, Indiana.

**ANSWER:** **Defendant is without knowledge or information sufficient to enable it to specifically admit or deny the allegations in ¶ 5 of Plaintiff's Complaint.**

6. That at all times relevant herein, all or part of plaintiff's duties were in furtherance of the defendant's business in interstate commerce.

**ANSWER:** **Defendant admits that any duties performed by Plaintiff that were within the course and scope of his employment with Norfolk Southern were conducted in furtherance of interstate commerce, but Defendant is without knowledge or information sufficient to enable it to specifically admit or deny that Plaintiff was engaged in the course and scope of his employment with Norfolk Southern at the non-specific time(s) alleged; Defendant denies the truth of the remaining allegations, if any, in ¶ 6 of Plaintiff's Complaint.**

7. While in the process of being handed the battery chargers from above shoulder height, Douglas L Thomas felt a pop in his right shoulder/arm.

**ANSWER:** **Defendant is without knowledge or information sufficient to enable it to specifically admit or deny the truth of the allegations in ¶ 7 of Plaintiff's Complaint.**

8. That lack of adequate equipment and support for off-loading the battery chargers caused or contributed to cause a severe injury to Douglas L. Thomas' right shoulder and arm..

**ANSWER:** **Defendant denies the truth of the allegations in ¶ 8 of Plaintiff's Complaint.**

9. That defendant, NORFOLK SOUTHERN, had a non-delegable duty to provide its employees a reasonably safe place in which to work. It was negligent in one or more of the following respects:

    a. Failed to provide appropriate equipment to allow plaintiff to perform his work duties in a safe manner;

    b. Failed to provide a boom lift truck for off-loading the semi-trailer truck;

    c. Failed to provide a forklift truck for moving the pallets of battery chargers into the tool warehouse;

  d. Failed to warn plaintiff of unsafe work conditions where he was directed to work;

  e. Failure to recognize and remedy the unsafe work conditions where plaintiff was required to work;

  f. Failed to adequately supervise the plaintiff and the other workers in the execution of their job assignment.

  g. Failed to properly train its employees in safe methods for the job they were required to perform.

  h. Failed to appropriately coordinate the job assignments.

  i. Was otherwise negligent for failing to provide its employees a safe place in which to work

**ANSWER:** **The first sentence of ¶ 9 of Plaintiff's Complaint purports to state a rule of law and therefore no answer is required of Defendant; to the extent an answer could be deemed necessary, Defendant denies the truth of this statement, which is inaccurate and/or incomplete; Defendant denies the truth of the remaining allegations in ¶ 9 of the Complaint, including each and every allegation in subparts "a)" through "i)" thereof.**

10. That at all times herein stated, plaintiff, DOUGLAS L. THOMAS, was free from negligence.

**ANSWER:** **Defendant denies the truth of the allegations in ¶ 10 of Plaintiff's Complaint.**

11. That as a result, in whole or in part, of the aforesaid negligence of defendant, NORFOLK SOUTHERN, plaintiff sustained serious permanent injuries of a personal and pecuniary nature, including an injury to right shoulder and arm, and will continue to suffer from those injuries in the future.

**ANSWER:** **Defendant denies the truth of each and every allegation in ¶ 11 of Plaintiff's Complaint.**

12. That in an effort to treat, heal, and relieve said injuries and as a direct result of defendant's negligence, plaintiff has incurred and will incur into the future substantial expenses for medical, hospital, nursing, and related care, the full extent of which are not determinable at this time..

**ANSWER:** **Defendant denies the truth of each and every allegation in ¶ 12 of Plaintiff's Complaint.**

13. That as a result of the aforesaid negligence of defendant, NORFOLK SOUTHERN, plaintiff, DOUGLAS L. THOMAS, has experienced a loss of wages and will continue to suffer a loss of wages into the future; and the plaintiff will continue to suffer a permanent diminution or loss of earning capacity, the full extent of which at this time cannot be determined.

**ANSWER:** **Defendant denies the truth of each and every allegation in ¶ 13 of Plaintiff's Complaint.**

14. That as a result of said injuries, plaintiff has experienced disability, pain and suffering, and a loss of enjoyment of a normal life from the past and into the future.

**ANSWER:** **Defendant denies the truth of each and every allegation in ¶ 14 of Plaintiff's Complaint.**

With respect to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to judgment in his favor or to recover the relief requested.

### THIRD DEFENSE

Venue in this matter is improper under the provisions of 28 U.S.C. § 94(a).

### FOURTH DEFENSE

The injuries and damages of which Plaintiff complains were solely caused by Plaintiff's own negligence, and for this reason his claims are barred.

### FIFTH DEFENSE

The injuries and damages of which Plaintiff complains were caused in whole or in part by Plaintiff's own contributory negligence, and for this reason his claims are barred or his damages should be proportionately reduced.

### SIXTH DEFENSE

Plaintiff's alleged injuries and damages were not proximately caused, in whole or in part, by any negligence on the part of Norfolk Southern.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims against Norfolk Southern may be barred by the doctrines of federal preemption or preclusion.

### EIGHTH DEFENSE

Plaintiff's alleged injuries and damages were caused in whole or in part by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of Plaintiff's Complaint, and, for this reason his claims are barred or his damages should be proportionately diminished.

### NINTH DEFENSE

The alleged injuries and damages of which Plaintiff complains were the result of intervening, superseding causes, which were not foreseen by Norfolk Southern and could not reasonably have been foreseen by Norfolk Southern under the same or similar circumstances, and for this reason Plaintiff's claims are barred.

### TENTH DEFENSE

Norfolk Southern cannot be held liable for an amount greater than that apportioned according to its degree or percentage of fault; Norfolk Southern is not liable for injuries caused by the fault of non-parties hereto.

### ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that he has failed reasonably to mitigate, lessen, or avoid his purported injuries and damages.

### TWELFTH DEFENSE

Advances, sick pay, medical bills, supplemental benefits, and Railroad Retirement Board benefits may have been paid to or on behalf of Plaintiff so that Norfolk Southern be entitled to a set-off against any damages which Plaintiff may recover.

## THIRTEENTH DEFENSE

To the extent that Norfolk Southern has not specifically responded to any allegation in Plaintiff's Complaint, it denies the same.

WHEREFORE, Norfolk Southern prays that Plaintiff take nothing by way of his Complaint herein; that judgment be entered in favor of Norfolk Southern upon Plaintiff's Complaint; that Norfolk Southern recover its reasonable costs; and that the Court grant such other relief as is just and proper in the premises.

Respectfully submitted,

s/ David A. Locke
David A. Locke (Indiana attorney #18759-53)
Email: dal@stuartlaw.com
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Telephone: (765) 423-1561
***Attorneys for Norfolk Southern Railway Company***

## JURY DEMAND

Defendant demands trial by jury.

s/ David A. Locke
David A. Locke

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of May, 2019, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. Parties may access this filing through the Court's CM/ECF system. Notice of the filing will be sent to the following by operation of the Court's electronic filing system:

    Michael B. Gunzburg
    Ridge & Downes
    101 N. Wacker Drive
    Suite 200
    Chicago, IL 60606
    mgunzburg@ridgedownes.com

                                                                s/ David A. Locke
                                                                David A. Locke

1183452.1