UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DOUGLAS L. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.  2:19-cv-00085-JVB-JPK |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## REPORT OF PARTIES' PLANNING MEETING

1. The parties conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this report on May 2, 2019.  Michael B. Gunzburg participated for the plaintiff, and David A. Locke participated for the defendant.

2. Jurisdiction.

   The court has jurisdiction under 45 U.S.C. § 51, et seq., and 28 U.S.C. § 1331.  The parties agree that the plaintiff has presented a claim pursuant to the Federal Employers' Liability Act, arising under federal question jurisdiction.

3. Pre-Discovery Disclosures.

   The parties will exchange, *but may not file*, Rule 26(a)(1) information by **06/20/19**.[1]

4. Discovery Plan.

   The parties propose the following discovery plan.

   Discovery will be needed on the following subjects:

   - the liability, if any, of defendant to plaintiff for his alleged injuries;

---

[1] The court encourages setting all deadlines on business days.

- the contributory fault of plaintiff, if any;

- the nature and extent of plaintiff's damages, if any;

- plaintiff's pre-existing conditions, if any; and

- any and all other defenses raised by defendant.

Disclosure or discovery of electronically stored information should be handled as follows:

> Electronic discovery shall be produced to the requesting party in a commercially reasonable manner.  If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means. If the receiving party determines in good faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request to be provided an electronic copy. If a requesting party requests that examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure shall be made in a commercially reasonable manner.

> At this time, the parties do not request an order specifically addressing claims of privilege or other protection that may be asserted after the production of documents, as they do not expect this to occur.  But, they agree to abide by the provisions outlined herein, and to work cooperatively (as required by Rule 26 and Local Rule 37.1) in resolving any related discovery disputes, including any claims of privilege that may be asserted at any time.

The last date to complete all discovery is **03/20/20**.

Maximum of **25** interrogatories by each party to any other party.

Maximum of **25** requests for admission by each party to any other party.

Maximum of **5** depositions by plaintiff and **5** by defendant.

Each deposition is limited to a maximum of **6** hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

2

- **12/20/19** for plaintiff;

- **01/31/20** for defendant; and

- **02/20/20** for Rule 26(e) supplements.

5. Other Items.

    The last date the plaintiff may seek permission to join additional parties and to amend the pleadings is **07/19/19**.

    The last date the defendant may seek permission to join additional parties and to amend the pleadings is **08/20/19**.

    The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

    The case should be ready for jury trial by **May 2020** and at this time is expected to take approximately **5** days.

6. Alternative Dispute Resolution.

    The case's settlement prospects may be enhanced via the following ADR procedure:

    Mediation

    The parties have agreed upon **Hon. Richard F. McDevitt in Merrillville** as mediator.

Date: May 2, 2019

  s/ Michael B. Gunzburg                   s/ David A. Locke                    .
Michael B. Gunzburg                       David A. Locke
E-mail: mgunzburg@ridgedownes.com         E-mail: dal@stuartlaw.com
RIDGE & DOWNES                            STUART & BRANIGIN LLP
101 N. Wacker Drive, Suite 200            300 Main St., Suite 900, P.O. Box 1010
Chicago, IL  60606                        Lafayette, IN  47902-1010
Telephone: (312) 372-8282                 Telephone: (765) 423-1561
Counsel for Plaintiff                     Counsel for Defendant

3